DELEHUNTY v. HAKE et al.

(Supreme Court, Appellate Division, First Department.  November 20, 1896.)

REPLEVIN—DEMAND.

A certificate of stock was deposited with the trustees of the corporation under an agreement with an employé that the shares should belong to him if he should remain in the service of the corporation until a specified day, and that, if he should quit the service of the corporation before such day, he should be entitled to a proportionate part of the shares.  *Held,* that a demand before the time specified in the agreement, made by the receiver of the employé in supplementary proceedings for delivery of stock, was insufficient to sustain an action by the receiver against the trustees, where the employé remained in the service of the corporation during the time specified in the contract.

Appeal from trial term, New York county.

Action by John Delehunty, as receiver of the property of George W. Proctor Knott, against Philip Hake, George A. Raisbeck, and William L. Buttling, as trustees of the Philip Hake Manufacturing Company, to recover possession of a certificate of stock.  From a judgment in favor of plaintiff, entered on a trial by a court without a jury, defendants appeal.  Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, PATTERSON, and O'BRIEN, JJ.

George C. Lay, for appellants.
W. P. Burr, for respondent.

VAN BRUNT, P. J.  This action was brought to recover from the defendants a certificate of 30 shares of stock.  The plaintiff brings the action as receiver of one George W. Proctor Knott.  It appears that on the 10th day of January, 1891, the said Knott entered into an agreement with one Philip Hake, by which, after reciting that Knott had been in the employ of Hake for many years, and had recently entered into the employment of a corporation known as the Philip Hake Manufacturing Company, and that said Hake was desirous that said Knott should remain with said corporation, the said Hake agreed to deposit with the trustees of said company a certificate for 30 shares of the stock of the company under the terms and provisions of the agreement; and the said Knott agreed to remain in the employ of the company, either as an officer or employé, until the 31st of December, 1895, or, in case of his death in the meantime, until the date of his death, and to serve the said corporation to the best of his knowledge and ability, and to do all that lay in his power to enhance the value of the stock of the corporation; having the privilege, however, at any time, to terminate his connection with the corporation, in which event he was to be entitled to receive a proportionate part of said shares of stock from the 1st of January, 1891, to the date of the termination of his connection.  The agreement further provided that on the 31st of December, 1895, if he then remained in the employ of the corporation, or his employment should terminate on that date, the trustees were authorized to deliver said certificates of stock to Knott.  The agreement further provided that the cause of the termination of the connection between

Knott and the corporation should have nothing to do with the terms and conditions of the agreement, and, further, that no interest in the agreement or interest in the shares of stock could be or should be assigned or transferred by Knott until he was entitled to the possession of such certificates under the terms of the agreement. It further appears that on the 29th of May, 1895, said Knott assigned all his interest in the stock and in the agreement to one G. A. Knott, and on the 21st of October, 1895, the plaintiff was appointed, by an order of the supreme court, receiver of the personal property of the said G. W. Proctor Knott, and of the rents and profits of his real property. The said Knott remained in the employment of the manufacturing company until the 31st of December, 1895. In October, 1895, the receiver made a demand upon the trustees of the corporation for the delivery of the stock in question. There was no proof of any demand made after the 31st of December, 1895. There was evidence on the part of one Wilson, who was in the employ of the plaintiff's attorney as managing clerk, who swore that he called at the office of the defendants' attorneys in January with regard to the payment or delivery by the trustees of the company to the plaintiff of the stock in question; but what transpired at this interview does not appear. It does not appear that there was demand made or any refusal to deliver. The court having found in favor of the plaintiff, from the judgment thereupon entered this appeal is taken.

It seems to us that the failure to make a demand after the termination of the period in which the stock was to be held in escrow is fatal to the maintenance of the action. The stakeholders have not been put in the wrong. Their possession was rightful, and there is no evidence whatever of detention. A demand was made in October which they had the right to refuse, and there is not a particle of evidence of any subsequent demand having been made. The judgment should be reversed, and a new trial ordered, with costs to appellants to abide event. All concur.