(23 Misc. Rep. 703.)

PORGES v. COHEN.

(Supreme Court, Appellate Term.　June 6, 1898.)

1. RES JUDICATA—FINAL JUDGMENT.
   The dismissal of an action to recover a chattel, "for failure to place it on the calendar," is not a final judgment, within the meaning of Code Civ. Proc. § 1691, and does not, therefore, operate as a bar to a subsequent action to recover the same chattel for the same cause.
2. REPLEVIN—DEMAND.
   Where an action is brought for the wrongful detention of property, and it does not appear that the original possession of the same by the defendant was unlawful, a demand must be alleged and proved.

Appeal from Fifth district court.

Action in replevin by Joseph Porges against Charles Cohen. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Moses Feltenstein, for appellant.
R. Nathan, for respondent.

PER CURIAM. The order or direction of the justice dismissing the former action instituted to recover the chattels in question, "for failure to place on calendar," was not a final judgment in that action, within the meaning of section 1691 of the Code of Civil Procedure, and did not, therefore, operate as a bar to a recovery in this action. But we think that the judgment should be reversed for the reason that no demand is shown to have been made upon the defendant before the commencement of the action. Where an action is brought, as is the case here, for the wrongful detention of the property, and it does not appear that the original possession of the same by the defendant was wrongful, a demand must be alleged and proved. Furthermore, there is no evidence in the case of the value of the property sought to be reclaimed which will support the finding of the justice fixing the same at the sum of $50. For these reasons the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.