John A. Byrnes, J.
This case was tried by the court without a jury. Findings of fact and conclusions of law were waived by the parties.
*253 This is an action by the plaintiff to recover chattels delivered to the defendant by the plaintiff, on consignment, without any specific date or limitation of time. The merchandise was shipped from Japan to the plaintiff and later delivered to H & H Products & Finishing at 131-37 41st Avenue, Flushing. Portions of the shipment were found to be defective and rejected by H & H. The goods were thereafter delivered to the defendant Security Door & Panel Co. at Cornwall-on-the-Hudson, N. Y. That both parties understood that the goods were delivered on consignment is evidenced by documents signed by Rosenhagen and the facts that the plaintiff paid for the assorting of the chattels and paid the insurance premiums. While these are not in and of themselves conclusive, they indicate some evidence of title. From the testimony I find that title to the chattels remained in the plaintiff while lawful possession was in the defendant. No time limitation being fixed, the plaintiff at any time after a proper demand would have been entitled to the possession of the chattels.
There are no other claimants to possession of the chattels.
In an action of this character, where the possession is lawful, a demand for possession is a condition precedent (Heating & Plumbing Finance Corp. v. Kuhn, 151 Misc. 510) and the purpose of the demand is to give the one in lawful possession an opportunity to comply without incurring liability, and the demand must be made when the demanding party has a right to possession (Delahunty v. Hake, 10 App. Div. 230). Furthermore, the demand must specifically indicate the chattels demanded; in the instant case the defendant did not have in its possession any other merchandise or property to which the plaintiff could lay claim and when it demanded 7,188 panels — 110,210 square feet of ribbon cut doorskins — I am of the opinion that such a demand satisfied that requirement.
While a formal demand is not necessary the statement or request, constituting the demand must advise that the surrender of possession was wanted “ then and there ”. The plaintiff testified that in the early part of 1957 he made an oral demand. I quote his testimony ‘ ‘ would look around and find another spot for the merchandise in question, and would let him Mr. Rosenhagen know as soon as he had made other arrangements ’ ’. Thereafter he forwarded to the defendant a letter, the substance of which evidences an intention to send a truck for the merchandise at which time an inventory check was to be made to reconcile differences of a few panels in each size. The last paragraph of the letter reads “ Please advise whether Thursday, February 28,1957 is convenient for the above purpose
*254 A demand to satisfy the requirements of course must be alleged and proved by sufficient evidence (Porges v. Cohen, 23 Misc. 703).
In view of the above, I find that the demand was not sufficient to satisfy the law in an action in replevin.
Under all the facts and the law I am constrained and hesitatingly find judgment in favor of the defendant. I dismiss the complaint, with costs.
The above shall constitute my findings pursuant to section 440 of the Civil Practice Act.