Richard W. Wallace, J.
This corporation’s replevin action has bestirred itself from the ashes of an executive suite romance, and among the erstwhile embers remain questions concerning the application of the “ Dead Man’s Statute ” and the necessity of a prior demand for return of the chattels before seizure in exercise of the provisional remedy.
The male partner to the affair, now deceased (“ decedent ”), was at all pertinent times prior to his death, the president of the corporate plaintiff (“ International ”). Defendant, the lady in the case, counterclaims that by way of gift she acquired ownership of some $7,500 worth of furnishings which the corporation, unbeknown to her, had previously purchased to grace an East Side Manhattan apartment. International, based in Providence, Rhode Island, with New York City and overseas facilities, used the apartment for business purposes until it was turned over to defendant and a girl friend in November, 1968, who signed a new lease for it jointly in their own names.
The protagonists of the liaison met in Miami in February, 1967, and from that meeting flowed weekend visits by decedent to defendant in Chicago where she then resided, and travel together through England, Scotland, France and Spain. Decedent died on June 16, 1970, but in the words of defendant, the parties “ broke off the intensity of our relationship ” in December, 1969. The replevin bond was obtained on May 4, 1970 and the action commenced by levy and service of process on July 15,1970.
On the nonjury trial defendant contended that decedent owned the furnishings, and proposed to offer testimony that in the course of importuning her to make her residence in New York City, he made a gift to her thereof. If defendant were correct that decedent actually owned the furnishings, plaintiff’s objection to this testimony, based upon the Dead Man’s Statute (CPLR 4519), would have been well-taken. Paradoxically, however, plaintiff itself established its ownership of the furnishings *577 on its side of the case, and I hold that defendant’s misconception does not foreclose her from ultimate reliance upon the actual fact of ownership in the plaintiff corporation. Viewed in this light, defendant’s testimony was competent since (albeit unknown to defendant) decedent may be considered the deceased agent of a corporation, and transactions with an agent do not suffer the bar of the statute. ‘1 The rationale of the rule which makes such testimony competent is that the testimony would not affect any property which is derived from or through the deceased corporate official” (Leighton v. New York, Susquehanna & Western R. R. Co., 303 F. Supp. 599, 610; cf. Matter of Cohen, 137 N. Y. S. 2d 300, affd. sub nom. Edelman v. Frindel, 285 App. Div. 1119, affd. 309 N. Y. 935). An interested party may testify to transactions with an agent, even if both the principal and agent are dead at the time of trial (Warth v. Kastriner, 114 App. Div. 766; McCarthy v. Stanley, 151 App. Div. 358).
Thus defendant’s testimony was competent, but unfortunately for her, it fell far short of establishing a gift. Her evidence that decedent told her “don’t worry about the furniture,” coupled with her undisturbed possession of it for about a year and a half, at best spelled out a license of use, rather than a transfer of title by means of gift. Since the alleged gift fails for lack of proof, it is unnecessary to consider whether (1) the deceased president had authority to make such a gift on behalf of the corporation; or (2) the corporation had the power to make a valid gift under paragraph (12) of subdivision (a) of section 202 of the Business Corporation Law to this plaintiff.
The more troublesome question arises from the failure of International to prove a demand for return of the property prior to the seizure. Despite the allegation of demand in the complaint, plaintiff rested without any proof of demand. Upon defendant’s motion to dismiss the action for failing to prove demand, International rested upon the proposition that no demand was necessary as a matter of law.
In this election plaintiff was in error. From the earliest cases (Treat v. Hathorn, 3 Hun 646; Jessop v. Miller, 1 Keyes 321) to more recent holdings (Cohen v. M. Keizer, Inc., 246 App. Div. 277; Moran v. Abbott, 26 App. Div. 570), where one is in lawful and nontortious possession of chattels, a demand for immediate return is a necessary condition to the maintenance of a replevin action against him. Demand need not be proved against a converter (Ely v. Ehle, 3 N. Y. 506; Milligan v. Brooklyn Warehouse & Stor. Co. 34 Misc. 55). Plaintiff’s evidence, while failing to sustain a gift, was enough to establish a licensed *578 possession revocable at will, as against no showing to the contrary by plaintiff. There is authority to the effect that a failure to prove demand, where required, mandates dismissal of the action without prejudice to a second action (Universal Credit Co. v. Lowell, 166 Misc. 15). To follow that course in a case such as this, however, is to exalt form over substance, since the furnishings are now in the possession of the true owner, and defendant has not counter-replevied. To dismiss at this posture, with the direction to plaintiff to commence a new action after demand, is perhaps to require a demand which cannot be complied with as a matter of physical fact. A further vice of dismissal without prejudice is that the second trial must be a meaningless charade, with the outcome a foregone conclusion. In other contexts where a demand is required, such as a demand upon a corporation to commence an action by a stockholder, the requirement is abated if the stockholder pleads and proves that the demand would be a useless act (Business Corporation Law, § 626; see O’Connor v. Virginia Passenger Power Co. 184 N. Y. 46, 52; Loew v. Interlake Iron Corp., 270 App. Div. 858; Sorin v. Shahmoon Ind., 36 Misc 2d 35). Indeed, within the context of replevin itself, failure to demand has been excused where it would have probably been futile (Employers’ Fire Ins. Co. v. Cotten, 245 N. Y. 102).
Fortunately, in this case, there is a viable alternative to a new trial. Defendant has pleaded a counterclaim based upon plaintiff’s interference with her possession of the furnishings if the replevin action were held ultimately unfounded. She proved that she rented furniture at $39.86 per month for a period of eight months, for a total sum of $318.88. This sum is now the legal measure of defendant’s damages resulting from the illegal procedure of plaintiff.
This allowance to defendant of damages is supported by the fundamental rationale of insisting upon demand, which is that the failure to prove demand, where necessary, “makes the action premature ” (12 Carmody-Wait 2d, New York Practice, p. 615). It follows that plaintiff’s exercise of the provisional remedy, and plaintiff’s pretrial possession herein was premature, entitling defendant to the damages she sustained by her premature loss of possession. While it has been held that notice prior to ex parte seizure may be constitutionally required as a condition for the exercise of the provisional remedy of replevin before trial (Finkenberg Furniture Corp. v. Vasquez, 67 Misc 2d 154), here the posture of the case is posttrial, with plaintiff’s entitlement to the chattels now established. Defend *579 ant’s possible constitutional rights to notice, and demand prior to seizure, are now as much vindicated by an award of damages as a further second trial.
Accordingly, plaintiff is entitled to judgment in its favor on the cause of action for replevin alleged in the complaint, and defendant is entitled to enter judgment on her counterclaim with interest from November 15, 1970, the mid-point of the eight-month rental period immediately following the seizure.