Reuben K. Davis, J.
Defendant brings on this motion seeking an order to vacate an order of seizure heretofore granted upon the defendant’s default. It appears that on May 28, 1974, ah order of seizure was issued 'by this court upon the defendant’s default in appearing. The order of seizure was subsequently stayed by an order of this court (signed by Hon. Habold L. Galloway), subject, however, to restoration of the order upon the plaintiff giving eight days’ written notice to the attorneys for the defendant. Such notice of restoration was given by plaintiff, and defendant thereafter brought on this motion to vacate the said order of seizure.
The question to be decided is does the omission to clearly state in the affidavit supporting the application for an order of seizure that a demand for .return of the chattel was made, and the person in possession of the chattel refused to honor the demand, render the affidavit jurisdictionally defective f
The nature of an action in replevin is to test the right to possession of one who allegedly lawfully acquired a chattel, but wrongfully withholds the same. It seems, necessarily to f ollow, that to establish a wrongful withholding, the -seeker of the chattel must first demand its return.
It is essential that the affidavit which .supports a plaintiff’s ex parte application allegó facts sufficient to meet the requirements of due process before the order can be granted.
In the instant action, paragraph 4 of plaintiff’s affidavit for recovery of the gas and electric meters contains the following language: “ Plaintiff’s agent has visited the location of the meter (s), but was unable to secure payment for the bill owed, and was denied access, to the meter(s). Deponent is informed and believes that it may be necessary to break open the building or enclosure at the above address in order to seize said meter or meters, as the defendant continues to wrongfully hold the meter(s).” Clearly the language employed does not constitute an allegation of a demand and a refusal,,
*643 Failure to allege a demand and a refusal constitutes a jurisdictional defect which precludes the granting of the order of seizure. (Northwest Eng. Co. v. Rappl, 132 Misc. 497; Borneo Sumatra Trading Co. v. Security Door & Panel Corp., 17 Misc 2d 252.)
Additionally, failure to allege demand and refusal in the affidavit may constitute failure to accord a defendant elementary due process by omitting to apprize defendant of knowledge of plaintiff’s intention and an opportunity to prevent the seizure. (See Sniadach v. Family Finance Gorp., 395 U. S. 337.)
The plaintiff argues that the Borneo Sumatra Trading Co. case (supra) involves a “ chattel ” and should, not be extended to embrace utility meters. In today’s society electric and gas meters and the right to use gas and electricity are absolutely essential to .sustain life, and the protection of a user’s rights therein must be scrupulously guarded. The plaintiff, in exercising its rights to replevin gas and electric meters, must be held to strict compliance with procedural due process. (Consolidated Edison Co. of N. Y. v. Vezcanino, 77 Misc 2d 475.)
The defendant’s motion to vacate the order of seizure herein is granted.