Eugene W. Bergin, J.
The plaintiff-appellant herein, Rochester Gas and Electric Corporation (R.G.&E.) is a public utility corporation supplying a gas and electric service in the Rochester, New York area. The defendant-respondent, Charles Chatterton, is a customer of R.G.&E. There appears to be no questioning of the fact that R.G.&E. provided gas and electric service to Mr. Chatterton. R.G.&E. claims that Mr. Chatterton is in arrears for the payment of gas and electric service which has been provided in the past; however, the defendant-respondent does not concede or admit arrears. The service provided was metered service, and in order to meter the service, meters owned by R.G.&E. were placed within the premises rented by Mr. Chatterton.
By notice dated May 6, 1974, and addressed to Mr. Chatterton at his home, attorneys for R.G.&E. notified Mr. Chatterton that an application would be made to the Rochester City Court "on the 28th day of May at 2 P. M. for an Order of seizure directing the Marshal to break open, enter and take our meters into his possession”. The notice further gave the room number in the Hall of Justice where the application would be heard and stated: "If you do not appear in Court at said time, the Order of Seizure will be presented for the Judge’s signature.” An affidavit of a R.G.&E. employee indicates that this notice was enclosed in a postpaid wrapper and deposited in a post office box in the City of Rochester. There is *524 no issue as to receipt of this notice. An affidavit of Elizabeth Chatterton, wife of Charles Chatterton, clearly indicates the notice was received. She states: "Because of the necessity of caring for our ill child and for my husband to work so we can meet our obligations we were unable to attend the hearing on May 28, 1974, and we did not understand from the notice we received that if we did not attend our gas and electric service would be cut off.”
On May 28, 1974 application was made and the order of seizure issued by the court.
By order of the Honorable Reuben K. Davis, Rochester City Court Judge, signed on June 4, 1974, R.G.&E. was ordered to show cause in City Court on June 10, 1974, why the order of seizure should not be vacated. On June 10, 1974, the matter was before the Honorable Harold L. Galloway, Rochester City Court Judge, who had issued the May 28, order of seizure. At that time Mr. Chatterton’s motion was withdrawn as settled subject to restoration, on five days notice to the attorneys for R.G.&E. and the order of seizure was stayed during the pendency of settlement subject to restoration on eight days notice to attorneys for Mr. Chatterton. The attorney for Mr. Chatterton subsequently made a motion returnable July 15, 1974, moving to restore the matter to the calendar and renewed the motion to vacate the order of seizure. The matter was subsequently heard by Judge Davis and a decision rendered. Rochester Gas & Elec. Corp. v Chatterton, 79 Misc 2d 641.) The court below stated in its decision (p 642): "The question to be decided is does the omission to clearly state in the affidavit supporting the application for an order of seizure that a demand for return of the chattel was made, and the person in possession of the chattel refused to honor the demand, render the affidavit jurisdictionally defective?”
The holding of the court was that: "Failure to allege demand and refusal constitutes a jurisdictional defect which precludes the granting of the order of seizure.” (79 Misc 2d 641, 643, supra.)
The issue as framed by the parties on appeal is one of the requirements of due demand and refusal. The plaintiff-appellant takes the position that due demand and refusal is not required in all situations of replevin, and should not be required to prove wrongful holding when a gas and electric company is replevining meters. The defendant-respondent, on the other hand, takes the position that a utility company *525 which applies for an order of seizure must prove by affidavit in support of its application that it had previously made due demand for the return of the meter and that it had been refused.
Submitted to the City Court Judge, at the time of the application for the order of seizure, was the affidavit of Joseph C. Harris, the manager of the credit and collection department of R.G.&E. In his affidavit, signed before a notary public on May 6, 1974, Mr. Harris states: "4. Plaintiff’s agent has visited the location of the meter(s), but was unable to secure payment for the bill owed, and was denied access to the meter(s). Deponent is informed and believes that it may be necessary to break open the building or enclosure at the above address in order to seize said meter or meters, as the defendant continues to wrongfully hold the meter(s).”
The statement of Mr. Harris clearly does not state that a demand was made for the return of the chattel. The issue thus presented is whether a demand and refusal should be required. CPLR article 71 is the governing statute regarding the seizure of a chattel.
CPLR 7102 (subd [a]) provides that, upon delivery to a Sheriff of the affidavit, order of seizure and undertaking, the Sheriff shall seize the chattel in accordance with the terms of the order.
The requirements of the content of the affidavit for an application for an order of seizure are proscribed in CPLR 7102 (subd [b]) as follows:
"The affidavit shall clearly identify the chattel to be seized and shall state:
"1. that the plaintiff is entitled to possession by virtue of facts set forth;
"2. that the chattel is wrongfully held by the defendant named;
"3. whether an action to recover the chattel has been commenced, the defendants served, whether they are in default, and, if they have appeared, where papers may be served upon them;
"4. the value of each chattel or class of chattels claimed, or the aggregate value of all chattels claimed; and
"5. if the plaintiff seeks the inclusion in the order of seizure of a provision authorizing the sheriff to break open, enter and search for the chattel in the place where the chattel may be, *526 facts sufficient under the due process of law requirements of the fourteenth amendment to the constitution of the United States to authorize the inclusion in the order of such a provision.”
The standard the court must apply in issuing an order of seizure is set forth in CPLR 7102 (subd [d], par 1): "Order of Seizure. 1. Upon presentation of the affidavit and undertaking and upon such terms as may be required to conform to the due process of law requirements of the fourteenth amendment to the constitution of the United States, the court shall grant an order directing the sheriff of any county where the chattel is found to seize the chattel described in the affidavit and including, if the court so directs, a provision that, if the chattel is not delivered to the sheriff, he may break open, enter and search for the chattel in the place where the chattel may be.”
This court would like to emphasize the phrase "upon such terms as may be required to conform to the due process of law requirements of the fourteenth amendment to the constitution of the United StatesDue process of law encompasses two aspects: (1) notice and (2) opportunity to be heard.
In the case before this court, notice was given to Mr. Chatterton of R.G.&E’s intention to apply for an order of seizure. May 28, 1974, was Mr. Chatterton’s opportunity to be heard.
What the defendant-respondent is asking this court to rule in this matter is that, in addition to the standards set forth in CPLR 7102, that there is the additional requirement of demand and refusal before an order of seizure can be granted.
In actions to recover chattels demand for possession has been considered to be a condition precedent; however, the purpose of the demand is to give the person in possession an opportunity to return the chattel without incurring any liability (Borneo Sumatra Trading Co. v Security Door & Panel Corp., 17 Misc 2d 252).
Even in cases where the courts have held that demand for the chattel is necessary, specific formal demand has not been required, though a statement or request must advise that the surrender of possession is wanted at a specific time (Borneo Sumatra Trading Co. v Security Door & Panel Corp., supra).
In contexts where demand is required, the requirement of demand is abated where the demand would be a useless act or *527 where the demand would probably have been a futile act. (O’Connor v Virginia Passenger & Power Co., 184 NY 46, 52; International Packing Corp. v Marshall, 68 Misc 2d 575, 578.)
A leading case in which replevin or seizure statutes were struck down is the case of Fuentes v Shevin (407 US 67). In that case Florida’s and Pennsylvania’s prejudgment replevin procedures were challenged as violative of the Due Process Clause of the Fourteenth Amendment. Under the statutes challenged a defendant or creditor was provided no notice nor allowed an opportunity to challenge the issuance of the writ of replevin.
In striking down the Florida and Pennsylvania statutes, the court in Fuentes (supra, p 81) stated: "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented.”
Subsequent to the Fuentes decision, in Long Is. Trust Co. v Porta Aluminum Corp. (44 AD2d 118) the Appellate Division, Second Department, considered the question of whether CPLR 7102 was unconstitutional because it did not provide, according to appellants, an opportunity to be heard before seizure. The court held that the opportunity to submit affidavits and make oral argument at Special Term complied with the Fuentes requirements (p 125).
Although the rule of the Fuentes case as to prior notice was subsequently eroded by the Supreme Court in Mitchell v W. T. Grant Co. (416 US 600). The procedure followed in the instant case meets the stricter Fuentes standard.
In Mitchell v W. T. Grant Co. (supra), the Supreme Court considered a Louisiana sequestration statute. The petitioner, Lawrence Mitchell, had purchased from W. T. Grant Co. a refrigerator, range, stereo and washing machine. In terms of the basic necessities of life, the refrigerator and range dealt with in Mitchell are as vital as the gas and electric service which underlies the case at bar. W. T. Grant Co. sought and secured an ex parte writ of sequestration to sequester the merchandise, based on petition, affidavit and bond and without prior notice to Mr. Mitchell or opportunity to be heard. The New Orleans City Court Judge ordered that the writ issue and that "the Constable of this court sequester and take into his possession the articles of merchandise” (416 US 600, 602, supra). Subsequently Mr. Mitchell moved to dissolve the writ.
The Supreme Court upheld the Louisiana procedure. The *528 Mitchell court, citing Ewing v Mytinger & Casselberry (339 US 594), held: " 'It is sufficient, where only property rights are concerned, that there is at some stage an opportunity for a hearing and a judicial determination.’ ” (416 US 600, 612, supra.)
In the instant case there was notice and opportunity to be heard prior to the court issuance of an order of seizure. In the Mitchell case, Mr. Mitchell argued for an opportunity to be heard prior to the deprivation of the property, but the Supreme Court did not hold that the opportunity must be given at that stage (416 US 600, 611, supra).
In the instant case Mr. Chatterton did not avail himself of the opportunity for a hearing. The Mitchell court addressed itself to such failure on the part of a creditor: "The debtor [Mr. Mitchell] in this case, who did not avail himself of this opportunity [hearing], can hardly expect that his argument on the severity of deprivation will carry much weight, and even assuming that there is a real impact on the debtor from the loss of these goods, pending the hearing on possession, his basic source of income is unimpaired.” (416 US 600, 610, supra.)
The court decides this case under CPLR 7102. The application for order of seizure was made pursuant to that section. The critical requirement, under the most recent cases herein cited, is prior notice and opportunity to be heard and not due demand and refusal.
This court is also concerned that should specific demand and refusal be required, that self-help repossession would be encouraged and could in fact, lessen the protection afforded a debtor (416 US 600, 618, supra).
This court does not decide as to whether or not demand and refusal is required or may be dispensed in all matters involving the order of seizure and replevin of any and all chattels, but limits its decision solely to the case at bar on the facts presented to this court.
The order appealed from is reversed.