Irving Younger, J.
This motion persuades me that the Bar and the City Marshal may not fully grasp the requirements of *909 Civil Court practice in connection with writs of replevin. I therefore start by summarizing it.
The Civil Court is empowered to entertain an action for the recovery of a chattel valued at less than $10,000 (CCA, § 202), and, in accordance with the procedure laid down in the CPLR (CCA, § 801), to issue a requisition (commonly called a writ of replevin) to seize such a chattel (CCA, § 209, subd. [a]).
Replevin is a remedy ancillary to an action for recovery of a chattel (CPLR 7101, 7102, subd. [a]). If the action is not pending when the requisition is issued, the summons and complaint must be delivered to the Marshal (Sheriff in a Supreme Court action) together with the requisition and supporting papers (CPLR 7102, subd. [a]). The Marshal then serves these papers — ■ including the summons and complaint — upon the defendant (CPLR 7102, subd. [b]), and, after seizing the chattel, files a return with the Clerk (CPLR 7107; CCA, § 801, subd. [b]). The summons is deemed served when plaintiff delivers it to the Marshal (CCA, § 402, subd. [b], par. [1]), so long as service is completed by the filing of proof of service upon the defendant (CCA, § 410, subd. [b]). The filing of the Marshal’s return will constitute the filing of proof of service (CCA, § 409, subd. [b]). If the return is not timely filed, the court may permit it to be filed mmo pro timo (CCA, § 411).
In this case, plaintiff tried to follow the path marked out by the statutes. The issue is whether it went astray.
Plaintiff believes that it is entitled to damages and to return of a refrigerator and a washer it conditionally sold to defendant. On April 24,1969, when no action was pending, plaintiff delivered to the Marshal a requisition to seize the refrigerator and the washer, a summons and complaint, and an affidavit stating that “ the above named plaintiff has started this action in this court against the defendant by issuance of a summons and complaint, a copy of which is hereto annexed to recover the possession of said chattel and that the said summons and complaint if it has not yet been served and this affidavit is made to accompany said summons. The defendant is neither in default herein, nor has she appeared in the above entitled action.” I take this to be an incoherent attempt to say the action had not been commenced but was to be commenced by service of the summons and complaint on the defendant by the Marshal. On April 25, the Marshal seized the refrigerator and the washer. In July, defendant made the present motion, in which he asks that the requisition be quashed and the chattels returned to him on the ground that the summons and the complaint have never been served and no proof of service ever filed.
*910 The latter point is trivial. If the Marshal had accomplished all that was required except for the filing of proof of service, I would simply authorize filing nunc pro tunc, and forthwith deny the motion. Defendant’s other point, however — that the summons and complaint were never served — raises problems not so swiftly solved.
At the outset, plaintiff argues that defendant’s motion is an attempt to invoke a remedy that does not exist. In fact, article 71 of the CPLR mentions nothing about a motion to quash a requisition. It speaks only of the right to reclaim or impound a chattel by filing a substantial bond (CPLR 7103, subds. [a] and [b]). There is authority suggesting that a defendant may move to vacate a requisition if the supporting affidavit is defective on its face (Croker Fire Prevention Corp. v. Jacobs, 235 App. Div. 216 [1st Dept., 1932]), but none supporting a motion such as this, which challenges the basis upon which the seizure rests. Were such a motion not available, however, the posting of a bond would be an aggrieved defendant’s exclusive remedy. Unfortunately, poor people cannot post bonds. In this case, defendant alleges that, because he is a legal aid client, no surety company will issue him a bond, and plaintiff does not question the allegation. To say that a defendant has a remedy only if his pocketbook is deep enough to hold it opens up serious questions under the Equal Protection clause. (Cf. Griffin v. Illinois 351 U. S. 12 [1956].)
To avoid those questions, one must conclude that it was unnecessary for the CPLB explicitly to authorize a motion such as this, since a litigant may always, without express statutory warrant, move on the ground of illegality to nullify a step taken by his adversary. I so conclude. I hold that defendant has properly moved to quash the requisition, and turn to the merits.
Defendant states in his affidavit that he has never been served with the summons and complaint. Plaintiff has no information to the contrary. The Marshal’s return, which must contain “ a statement of all action taken by him ” (CPLR 7107), reads in its entirety that, on April 25, 1969, the Marshal “ did replevy from [defendant] the following: Befrigerator and Washer.” The Marshal does not state that he served the summons upon defendant, nor is there an affidavit, certificate, endorsement, or note anywhere in the file to show that he did. I find, perforce, that the defendant has never been served with the summons and complaint. (And I note, in passing, that defendant’s amended answer, served and filed of right [CCA, § 909, subd. [a]] on May 22, 1969, raises and thus preserves the issue of plaintiff’s failure to serve the summons and complaint.)
*911 Squarely presented, then, is the question whether, in an action for damages and for recovery of chattels, a replevy is valid when no summons and complaint have been served before, with, or after execution of the requisition.
As summarized at the beginning, the statutes require that, when no action is pending, the summons and complaint be served by the Marshal upon the defendant. Here they were not. This failure to do what the statutes say must be done is one reason to vacate the requisition.
Another, more quintessential but flowing from the first, is that, because of plaintiff’s failure to serve the summons, the court lacks jurisdiction to proceed with the case. CPLR 7103 (subd. [c]) provides that a motion to reclaim or impound a chattel, or a notice of reclamation or of exception to the surety, makes the person so moving or so noticing “ a party to the action”. Assuming arguendo that, by force of the statute, such a person will be deemed to have appeared, hence obviating the need to serve him with a summons, it remains the fact that defendant here is not such a person. He has not moved to reclaim or impound the refrigerator and the washer nor given notice of reclamation or of exception to the surety. Rather, as discussed above, he has moved frontally to quash the requisition. Since this is not one of the measures mentioned in CPLR 7103 (subd. [c]), the consequence specified in that section does not attach to it.
CPLR 7013 (subd. [c]) derives from section 1105 of the Civil Practice Act, as amended in 1952 (L. 1952, ch. 829), which provided that a person reclaiming a chattel was thereafter a party to the action, thus overruling, albeit belatedly, Devonia Discount Corp. v. Bianchi (241 App. Div. 838 [2d Dept., 1934]). There, the Appellate Division held that, even if a defendant reclaims a seized chattel, in the absence of service of a summons the court has no power to render a personal judgment against him. Because the statute that overruled it is inapplicable to this case, Devonia is still a signpost pointing to decision here. Defendant in Devonia had reclaimed the chattel; this defendant has moved to quash the requisition; in neither case has a summons been served; and therefore, as in Devonia (241 App. Div. 838, supra), I hold the court to be without jurisdiction to grant the relief demanded in the complaint. The result, of course, is that the underlying action must be dismissed. And if there is no underlying action, the requisition that was ancillary to the action must be vacated.
This conclusion is supported by Florence Trading Corp. v. Rosenberg (128 P. 2d 557 [2d Cir., 1942]), holding that, under *912 New York law, title to chattels cannot he adjudicated without jurisdiction over the person of defendants in possession. To the extent that Kurzweil v. Story & Clark Piano Co. (95 Misc. 484 [N. Y. City Ct., 1916]), suggests a different rule, I decline to follow it.
Defendant’s motion to quash the requisition is granted. Defendant has also asked for such other relief as may be proper. Because jurisdiction over his person is lacking, I dismiss the complaint. All of this is without prejudice either to plaintiff’s right to commence a new action and issue a new requisition, or to defendant’s right to proceed as he may be advised against plaintiff or the Marshal for damages. I do not now direct return of the refrigerator and the washer. That is a matter best left to determination in whatever further proceedings may occur.