William P. McCoob, J.
Plaintiffs have presented ex parte applications for orders of seizure pursuant to CPLR 7102. The goods in the Kosches case are household furniture, and in the Government Employees Gorp. case an automobile. In both cases the goods were purchased under retail installment sales agreements. The supporting affidavits allege that the defendants are in default under the contracts.
CPLR 7102 (subd. [d]) as amended states that the court shall grant the order of seizure ‘i upon such terms as may be required to conform to the due process of law requirements of the fourteenth amendment to the constitution of the United States ”.
Simply stated, does procedural due process mandate notice and an opportunity to be heard to the purchaser prior to seizure?
A person must be afforded notice and an opportunity to be heard prior to any taking except in “ extraordinary circumstances.” (Sniadach v. Family Finance Corp., 395 U. S. 337 [1969].) The decision in the Sniadach case was followed by a three-Judge Federal court decision which held that procedural due process required notice and an opportunity to be heard or at least that the creditor present to a judicial officer the circumstances justifying summary action prior to the issuance of an order of seizure. (Laprease v. Raymours Furniture Co., 315 F. Supp, 716 (N. D., N. Y., 1970.)
Two recent cases decided by the California Supreme Court are in point. Blair v. Pitchess (5 Cal. 3d 258 [July 1, 1971]) held a .similar replevin statute unconstitutional in the light of Sniadach insofar as it constituted taking of property without due process of law. The court went on to state that the property that the defendant is deprived of is the use of the seized property from the date of seizure to judgment. Randone v. Appellate Dept. of Super. Ct. of Sacramento County (5 Cal. 3d 536 [Sept. 23, 1971]) held the prejudgment attachment statute unconstitutional insofar as it did not provide for notice and an opportunity to be heard.
The rationale of the cases is that notice and an opportunity to be heard must be given where the subject of the action is “ necessaries of life ” except in “ extraordinary circumstances.” As in Sniadach, this is not a situation requiring special protection to a governmental or creditor interest. (See Randone v. Appellate Dept. of Super. Ct. of Sacramento County, supra.)
The deprivation imposed by a temporary taking can result in extreme hardship to the defendant. The taking of a man’s *797 bed as in the Kosches case (bedroom furniture) or the vehicle he may need to reach his place of employment as in the Government Employees Corp. case before allowing the debtors their day in court is a drastic step. It might be argued that the creditors’ supporting affidavit makes out a prima facie case of reasonable grounds without the necessity of a hearing prior to seizure. The answer is that most affidavits are pro forma, based on hearsay and speculation, and even the creditor may not know of a valid defense the debtor has to the action. Making out a prima facie case does not necessarily win a case.
The plaintiff may argue that, once notice is served on the defendant, he may abscond or conceal the property. This may happen in a small number of cases, but this does not override the constitutional rights of defendants in the great majority of cases. It is equally likely that a defendant who wishes to abscond will have done so before the notice is even served. Balancing the equities, the defendant’s rights are paramount.
Needless to say, this court cannot set precise guidelines as to what are “ extraordinary circumstances,” and this must be determined on a case to case basis. There were no ‘ ‘ extraordinary circumstances ” shown in the instant two applications.
The term “ necessaries of life ” is meant to apply to goods being used personally rather than for a commercial enterprise. Compare the decisions of my colleague Judge Martin Evans. (Finkenberg Furniture Corp. v. Vasquez, 67 Misc 2d 154, and Wellbilt Equip. Corp. v. La Creme Bakery, N. Y. L. J. Aug. 4, 1971, p. 12, col. 2.)
The court has perused the retail installment sales contracts in the instant two cases and has a few passing comments to make regarding the default clauses. The court recognizes the right of a default when there is nonpayment, the purchaser attempts to sell the goods, or some similar reason. The court also recognizes that, in these adhesion agreements where the buyer has no alternative but to purchase on credit, the parties are not in an equal bargaining position. The era of the company store where the purchaser had no place else to go may not be dead. Clauses which limit the right of the defendant to move, or declare a default if he dies, or if the holder with reasonable cause determines the goods are in jeopardy, may be unconscionable. (Uniform Commercial Code, § 2-302.) Needless to say, the clauses giving the seller the right to enter a debtor’s residence and seize the goods without a court order are unconscionable. One clause in the retail installment .sales contract in the Kosches case even gives the seller the right to enter and seize any other property without court order.
*798 The procedure recommended by the court is that the plaintiff serve a copy of the required papers on the defendant noticing the matter for a hearing at Special Term, Part II, of this court on at least seven days’ notice. If the plaintiff requests a restraining order or a shorter time period, he may bring on an order to show cause at Special Term, Part II.