This is one of a series of orders of seizure of gas and electricity meters submitted for signature by the Consolidated Edison Company of New York, Inc. pursuant to article 71 of the CPLR.
The order is contained in a printed form filed in August, 1973. The form includes an affidavit, a copy of the summons and verified complaint and an undertaking in the sum of $40, which is alleged, to. be twice the value of the meters.
The affidavit sets forth the amount of the debt due for utilities for a period ending on a certain date. It also states that a five-day notice has been served upon the defendant pursuant to section 15 of the Transportation Corporations Law and that employees of Con Edison were unable to enter the premises to disconnect its meters for the reason that no one was home on a certain day. (The affidavit form contains printed matter stating that “ entry was refused ”, but that phrase was crossed out by typewriter marks. In other applications the phrase ‘ ‘ no one was home ’ ’ was eliminated and ‘ ‘ entry was refused ’ ’ was retained.) The affidavit does not contain the dates of services rendered, the consumption of power according to the meter readings, or the defendant’s account number. Attached to the order is a copy of a form letter to the defendant which advises that the application and order have .been filed; that the def endant has a right to be heard at Special Term, Part II of the Civil Court within seven days of the date of the letter and that if the defendant fails to appear by a certain date an order of seizure will be presented for the Judge’s signature.
The letter does not include a statement of the amount due or other specifics of the claim or a statement that the démand for payment has been duly made. Despite this omission, the letter sets forth the following instruction: “ be sure to bring to the hearing all .proof of payment, (such as receipts, cancelled checks, money order stubs, etc.) and all bills, correspondence or other receipts pertinent to your case. ” In effect, the defendant is asked to answer .unstated and unknown allegations and claims. There is no proof of service on the defendant other than a post office certificate of mailing of “ one piece of ordinary mail ”.
*477 The order sets forth a finding that the plaintiff has complied with the Fourteenth Amendment to the United ¡States ¡Constitution; that there is probable cause to believe that the meter is in the defendant’s premises, and that due notice has been given. The order directs a Marshal to break, enter, search for and seize the meters, but does not contain a particular description of the meters to be seized (identification numbers), nor does it set forth the particular place to be searched such as a basement of a multiple dwelling or defendant’s apartment.
No provision is made for service of the order, the affidavit referred to, or the summons and complaint upon the defendant. Nor does the order require the plaintiff to file papers in this court attesting to the discontinuance of the gas and electricity service, the seizure and possession of the meters and commencement of the action.
In effect, this is an order authorizing the drastic sanction of discontinuance of public utility services, coupled with an ancillary seizure directive (the one being impossible without the ■other) for unproved failure to pay for these life sustaining services and without averment of facts justifying a breaking and entering.
This application and proposed order for seizure appear to be an attempt to comply with CPLB. 7102 (subd. [d]) and Fuentes v. Shevin (407 U. S. 67) and related cases.
In Fuentes the court stated that in replevin actions (pp. 80-81):
‘ ‘ Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must be notified * * * It is equally fundamental that the right to notice and an opportunity to be heard ‘ must be granted at a meaningful time and in a meaningful manner. ’ * * *
“ The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decision-making when it acts to deprive a person of his possessions. The purpose * * * more particularly, is to protect his use and possession of property from arbitrary encroachment — to minimize substantively unfair or mistaken deprivations of property ”.
The right to the use of electricity, gas and other utilities is an entitlement which is necessary to sustain life in today’s world and should surely be protected in the same manner as proprietary rights to stoves, furniture and other artifacts. (Laprease v. Raymours Furniture Co., 315 F. Supp. 716 [N. D. N. Y., 1970]; Stanford v. Gas Serv. Co., 346 F. Supp. 717 [D. Kan., 1972].) *478 It may even be that such an entitlement should be given the same protection as the right to shelter.
The seizure of a utility meter and the discontinuance of gas and electricity work tremendous hardships on the users of these essentials' (Laprease v. Raymours Furniture Co., supra). This is particularly true of the poor who may not foe able to pay “under protest” or seek other plenary relief. (See Bell v. Burson, 402 U. S. 535 [1971]; Sniadach v. Family Finance Corp., 395 U. S. 337 [1969].)
.Surely the defendant should be apprised of the plaintiff’s cause of action, and proof of service of the notice other than “ ordinary mail ” should be submitted before such drastic action is directed. In this day of imperfect mail delivery and rifling of mail boxes, notice procedures should foe reasonably calculated to give notice “at a meaningful time and in a meaningful manner.” The plaintiff should have options in effecting service but they must comply with procedural due process.
The defendant must also foe given a meaningful opportunity to be heard by the court even though the hearing may not necessarily be identical with a requirement for a complete evidentiary trial. (See Bronson v. Consolidated Edison Co. of N. Y., 350 F. Supp. 443 ,[S. D. N. Y., 1972]. iSee, also, Martin. A. Schwartz, Termination of Public Utility Service, N. Y. L. J., Sept. 19,1972, p. 1, col. 1.)
Furthermore, the affidavit and order must set forth facts sufficient to justify entry, search and seizure. Certainly a statement that “no one was home” is insufficient to comply with procedural due process.
Upon seizure, the defendant must be given the right to contest the plaintiff’s allegations in an appropriate principal action. In Sears Roebuck & Co. v. Austin (60 Misc 2d 908, 911) Younger, J. said that where the summons and complaint were not served, “ I hold the court to be without jurisdiction to grant the relief demanded in the complaint. The result, of course, is that the underlying action must be dismissed. And if there is no underlying action, the .requisition that was ancillary to the action must foe vacated. ’ ’
This court is equally concerned .with the undertaking in the sum of $40 which purports to be twice the value of the meters. CPLR 7102 (subd. [e]) requires that an undertaking of “not less than twice the value of the chattel” shall be executed by a sufficient surety acceptable to the court.
In the event that defendant should prevail in the action for replevin or institute a plenary action for wrongful taking, defen *479 dant’s measure of damages should be in an amount that would compensate him for loss of his life supporting utility service. (See Michalowski v. Ey, 7 N Y 2d 71; Allen v. Fox, 51 N. Y. 562 [1873].)
In view of the almost total inability of the defendant to make himself completely whole in the event of a wrongful cut-off and taking of the meters, it is reasonable to require that the undertaking be in the sum of not less than $500, which would be at least a minimal step towards redress in the event that defendant prevails in the contemplated action. (See CPLR 7108, subd. [a].)
This court finds that the proposed order and others before the court fail to comply with due process requirements. They are therefore denied without prejudice to renewal upon conditions set forth below:
1. The application shall include a copy of a notice bearing at the top thereof, in a box, the following legends or caveats in not less than 12-point bold upper case type:
NOTICE! YOUR GAS OR ELECTRICITY MAY BE CUT OFF! IF YOU WISH A HEARING YOU MUST GO TO THE CLERK’S OFFICE OF THE CIVIL COURT AT* (fill in address), PROMPTLY !
AVISO! SU GAS O ELECTRICIDAD PUEDEN SER CORTADOS! SI USTED DESEA UNA AUDIENCIA USTED DEBE IR A LAS OFIC-INAS DEL SECRETARIO DE LA CORTE CIVIL EN (fill in address), INMEDIATA-MENTE!
2. The notice shall, in addition, adequately apprise the defendant:
(a) of the index number of the proceeding, the nature of the application and the basic elements of the impending complaint. This shall include:
i) the amount of money alleged to be due, the proof of which shall be made available at the hearing;
ii) the date of the last billing rendered to the defendant;
iii) either the actual meter readings, or the estimated meter readings, the basis of which, shall be made available at the hearing; and
iv) the defendant’s account number.
*480 (b) of the consequences of the Marshal’s or Sheriff’s execution of the order, if signed, i.e. that his dwelling will be entered and searched, if that ,be the case, or the .public areas of the multiple dwelling in which he resides will be entered and searched, if that be the case, and that in either event his gas and/or his electrical services will be terminated and the meter seized;
(c) . of his right to be heard on this application;
(d) that if he wishes a hearing, he or his designated representative must appear in the Civil 'Court of the City of New York, County of-, at-(address)--, at Special Term, Part II weekdays between 9 a.m. and 5 p.m. within 10 days from the date of service of the notice as set forth in section 3. hereof, in order to obtain a return date for the hearing;
(e) that at the hearing he will be required to be present, shall have the right to be represented by an attorney and shall have an opportunity to refute the bill; and
(f) 1 that if he does not appear in court by the last day permitted, the order of seizure will be presented for the Judge’s signature.
3. Service of the notice and the accompanying papers, if any, shall be made by
(a) delivery within the City of New York pursuant to CPLR 308 (subds. 1, 2 or 5); or
(¡b) affixing a copy thereof upon the door of the residence of the defendant on the premises in which the property to be seized is located, and in addition, within one day thereafter, by mailing a copy to the defendant; or
(c) registered or certified mail to the defendant, and in addition by ordinary mail, addressed in the following manner:
(named defendant - or Occupant
(address) -
(apartment number, if applicable) --
Affidavit of service of the notice must be filed within 7 days of such service.
4, An affidavit must be submitted which contains all the elements upon which this application is based together with a statement that there has been compliance with the statutory *481 provisions relating to discontinuance of service and (a) a refusal by the defendant or by a person of suitable age in the premises (setting forth the date of the refusal and by -whom made) to permit Con Edison employees to enter into or upon the premises to disconnect the meters, or (b) that no one was home after at least two attempts to gain such admittance (setting forth the dates and times of day thereof).
5. The Marshal or Sheriff to whom the order of seizure is delivered shall give at least a full 72 hours’ notice, in writing, by mail, to the defendant advising him of the date and whether in the morning or afternoon, of the intended breaking and entering upon his premises to search for and seize the meter, and shall execute the order, a copy of which is attached thereto, only between the hours of sunrise and sunset.
6. The proposed order must direct service of the copies of the affidavit, order, summons and verified complaint upon the defendant in accordance with the appropriate sections of the CPLB, and the filing of the affidavits of service thereof with the Clerk of this court. It also must contain a particular description of the meters to be seized (identification numbers) and must specify the place on the defendant’s premises where the chattels may be.
7. An undertaking shall be submitted in a sum of not less than $500 supported by appropriate affidavit.