OPINION OF THE COURT
Edward H. Lehner, J.
In the last 12 months I am informed that Civil Court Judges in Bronx County have approved surety undertakings under CPLR 7102 (subd [e]) issued by one Jesus Rosado totaling approximately $2,500,000 without any financial information being provided by the applicant with respect to the surety. The reason for such seemingly injudicious conduct is because the applicant is Consolidated Edison Company of New York, Inc. (Con Edison). Such undertakings have been submitted in connection with the approximately 5,000 applications annually made by Con Edison in Bronx County for orders of replevin under CPLR 7102 (subd [a]) to permit a City Marshal to seize a utility meter located in a customer’s apartment.
METER SEIZURE PROCEDURE
The procedure followed by the plaintiff when it wishes to obtain possession of such a meter is that it first sends a *189 notice by first class and certified mail to the customer informing him that Con Edison has filed an application to permit a Marshal to break open and enter the customer’s apartment and remove the meter due to nonpayment of a bill. The notice advises the customer that if he wishes a hearing he should appear at the office of the clerk of Special Term within 10 days. If he appears he is given a hearing date to challenge the claim of nonpayment. If he does not, Con Edison submits to the court an order for seizure of the meter, a verified complaint, an undertaking by said Jesus Rosado in the sum of $500, and an affidavit by Mr. Rosado that his net worth is at least that amount.
The Judge presiding at Special Term is requested to approve the surety and sign the order permitting the removal of the meter (and the consequential cutoff of electrical service) upon the customer being given seven days’ notice by ordinary mail (increased from three days after I earlier this year objected to such short notice).
The procedure employed by plaintiff prior to 1974 was changed after the joint decision of Civil Court Judges Gabel and Kraf in Consolidated Edison Co. of N.Y. v Vezcanino (77 Misc 2d 475) altered the form of notice to be given to the customer and set the undertaking at $500 rather than $40 as had been the practice prior thereto.
THE PRESENT PROCEEDING
This is one of approximately 50 applications by Con Edison before the court this week for such replevin orders. The only information supplied by plaintiff with respect to Mr. Rosado is that he is one of their field supervisors who earns between $30,000 and $40,000 annually.
RELEVANT STATUTES
CPLR 7102 (subd [e]), which mandates an undertaking in replevin actions, reads as follows: “(e) Undertaking. The undertaking shall be executed by sufficient surety, acceptable to the court. The condition of the undertaking shall be that the surety is bound in a specified amount, not less than twice the value of the chattel stated in the plaintiff’s affidavit, for the return of the chattel to any person to whom possession is awarded by the judgment, and for payment of any sum awarded by the judgment against the *190 person giving the undertaking. A person claiming only a lien on or security interest in the chattel may except to the plaintiff’s surety.”
CPLR 2502 (subd [a]), which specifies who can serve as a surety, provides:
“(a) Surety; form of affidavit. Unless the court orders otherwise, surety shall be:
“1. an insurance company authorized to execute the undertaking within the state, or
“2. a natural person, except an attorney, who shall execute with the undertaking his affidavit setting forth his full name and address and that he is domiciled within the state and worth at least the amount specified in the undertaking exclusive of liabilities and of property exempt from application to the satisfaction of a judgment.”
CPLR 2503 requires that where a natural person is the surety and the undertaking is in excess of $1,000, unless the surety deposits cash or unregistered bonds of the United States or of the State, he must, unless the court orders otherwise, create a lien on real property he owns in the amount of the undertaking to secure his obligation thereunder.
con edison’s position
Con Edison’s attorneys in support of the application argue that the court in determining the adequacy of the surety should look at (1) the financial condition of the principal and (2) the number of times the surety has been called upon to honor its commitment. In essence Con Edison is saying that since it would be responsible for any damages resulting from an improper seizure, the court should not be concerned with the financial position of the surety and that no one will be harmed if the current practice continues.
DECISION
By submitting a surety for approval without providing financial information, Con Edison is in effect requesting that, notwithstanding the statutory requirement, the court should dispense with a surety. I would prefer that the statute did grant the court such discretion. If that author *191 ity existed to waive a surety in replevin actions, I would, considering the financial condition of Con Edison, do so in these meter seizure proceedings.
Having said this, should I now in effect change the existing statute to the way I would hope it to be by approving a surety about whose finances I have no information? If I were to do so because “no one will be hurt” thereby, how many other laws could be violated employing the same rationale? Since the CPLR does not now allow a Judge to waive an undertaking in a replevin action, I will not be a party to an obvious evasion of the statute and thus under the circumstances will not approve Jesus Rosado as a surety.
Further, by submitting approximately 50 orders on July 22 requesting that Mr. Rosado be approved as a surety for $500 each, I find that such surety should be obligated to provide the security required by CPLR 2503 for an undertaking in excess of $1,000. To hold to the contrary would mean that more security would be required of an individual who submits one undertaking for $1,500 than an individual who submits 50 at $500 each. Such a conclusion would be irrational.
Finally, regarding the amount of the undertaking, $500 is clearly inadequate when considering the substantial potential liability to a person who is unlawfully deprived of utility services. (See, e.g., Montalvo v Consolidated Edison Co. of N.Y., 110 Misc 2d 24.) However, since the security under CPLR 7102 (subd [e]) is to be in an amount “not less than twice the value of the chattel”, such an undertaking satisfies the statute. This statutory shortcoming is not a problem to me because of the financial status of the plaintiff.
ALTERNATIVE SOLUTION
If my opinion were to be followed by other Judges, what alternatives exist for the plaintiff? The answer is quite simple, and that is to file an insurance company bond as authorized by CPLR 2502 (subd [a], par 1). I am confident that arrangements could be made for a single blanket bond to avoid the issuance of individual bonds. In fact, in my discussions with plaintiff’s officer present in court, he indicated that Con Edison would prefer such a solution and *192 was willing to post a $1,000,000 bond, but for reasons that are not clear, representatives have not sought to meet with the Administrative Judge to work out the mechanics of such a procedure. If such solution were adopted, plaintiff would have less papers to submit and an embarrassment to the judiciary would be ended. I strongly urge that such a resolution be concluded.