OPINION OF THE COURT
Carol H. Arber, J.
The relief sought by way of these applications (no less than 125 of them are presented for signature each week) appears innocuous at first glance. The plaintiff ostensibly seeks a prejudgment remedy to protect its property, to wit, the meters which are installed in the premises and which serve as a basis for billing. They are made to seem innocuous in part because they are done on form papers in which certain blanks have been filled in and certain others are paragraphs that are stricken or included to suit the circumstances. The innocuous appearance of these forms should not be permitted to mask the fact that the relief sought by plaintiff is actually of an extraordinary nature for a number of reasons. First, this is a prejudgment remedy which is being sought without notice to the defendant, and without a hearing. Second, the relief sought will require the plaintiff in many instances to break into premises in order to obtain the property.
*599 In the early 1970’s, the Supreme Court reviewed the replevin statutes of Florida and Pennsylvania and m. Fuentes v Shevin (407 US 67) it found in both cases that the statutes were lacking fundamental due process requirements. The Supreme Court based its finding on the lack of notice and the opportunity to be heard prior to seizure of property — defects which the court found to be so fundamental as to make it impossible to cure at a later time: “If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented. At a later hearing, an individual’s possessions can be returned to him if they were unfairly or mistakenly taken in the first place. Damages may even be awarded to him for the wrongful deprivation. But no later hearing and no damage [reversal] can undo the fact that the arbitrary taking that was subject to the right of procedural due process had already occurred” (pp 81-82).
This is all the more so where the property being sought may be the lifeline of the person by providing heat and light, and deprivation can result not only in inconvenience, but in fact might endanger life and health.
Following the decision in Fuentes (supra), the Supreme Court found a Louisiana replevin statute constitutional, and clarified the due process requirements. (Mitchell v Grant Co., 416 US 600.)
The Supreme Court in Mitchell (supra) established a balancing test to be used in determining whether the constitutional requirements had been met. It found that the statute accommodated the interests of the parties while minimizing the risk of erroneous seizure because it required that:
1. The plaintiff must show probability of success.
2. Plaintiff must establish the facts upon which the claim is based and not mere conclusions.
3. The procedure is conducted under close scrutiny by the courts.
4. Defendant is entitled to early postseizure hearing.
5. Plaintiff must post a bond in the event the property seized should not have been taken.
*600 To conform to these requirements CPLR 7102 was amended in 1978. A number of the changes were intended to provide further assurance against improper seizures of property.
The New York Legislature in amending the statute, recognized that while replevin is not considered a “provisional remedy,” in view of the function it serves, the same strict standards must be applied before it can be granted. For that reason, CPLR 7102 (subd [d], par 1) provides that even when the standards in Mitchell (supra) are met, the court has discretion as to whether or not to grant such relief. “Upon presentation of the affidavit and undertaking and upon finding that it is probable the plaintiff will succeed on the merits and the facts are as stated in the affidavit, the court may grant an order” (CPLR 7102, subd [d], par 1; cf. former subd [d], “the court * * * shall”-, emphasis added).
The amendment to CPLR 7102 (subd [d], par 3) further provides that in addition to the showing of merits and an undertaking, the plaintiff must show as an additional prerequisite, that unless such an order is granted without notice, it is “probable [that] the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value.”
Since a replevin order may direct the Sheriff to “break open, enter and search for the chattel” (CPLR 7102, subd [d], par 1) the affidavit must state facts sufficient to establish probable cause that the chattel is located at a particular place.
Given the recent history of the replevin statute and the concerns of both the Supreme Court of the United States and of the New York Legislature in amending the law to ensure due process, the Civil Court, when presented with these ex parte applications by Con Edison, must carefully scrutinize the papers to ensure that all of the requirements of the statute have been met.
Upon examination, it is clear that plaintiff has not met the burden in a number of respects:
*601 1. Factual basis — the papers recite that the “facts stated herein are upon information and belief” and come from an unnamed source or from “business records.” Since the relief sought here is of an extraordinary nature, the lack of personal knowledge renders the papers defective.
2. Location of the chattel — the papers state that “there exist sufficient facts to establish probable cause to believe that the meter(s) is (are) located within defendants’ apartment.” However, no facts are stated as sufficient basis to authorize a break-in to the apartment or to the premises of any unnamed party where the property may be located.
3. Lack of specificity as to underlying grounds — the papers state that defendants have refused to pay amounts of money due for services and that it “may” include any of a number of other bases. It is clear that “may” is an insufficient basis for the relief sought.
4. Compliance with Public Service Commission requirements — the only compliance with respect to hardship, illness, blindness, elderly, etc., are conclusory statements that are phrased in the negative: “Plaintiffs’ records do not indicate that defendants are blind, disabled, have a medical condition” etc. Such negative conclusions are insufficient where the remedy requested will result in deprivation of essential energy sources.
5. Compliance with CPLR 7102 (subd [d], par 3) — the papers fail to indicate any basis for believing that the chattel will become unavailable, let alone that there are facts that warrant such a conclusion.
6. Efforts to gain access — the efforts by plaintiff to gain access do not indicate the name of the person making them and show only that entry was attempted on two occasions, both in the middle of working hours. The failure to include any effort during nonworking hours renders this insufficient.
For all of these reasons, this application for an order of seizure is denied.