OPINION OF THE COURT
Diane A. Lebedeff, J.
Prior to service of a summons and complaint and as permitted by CPLR article 71, Consolidated Edison Company of New York (Con Ed) seeks an order allowing seizure of utility meters because of nonpayment of its account. The application is made on notice to the account holder, who has not responded.
The papers presented here include: (1) a notice to the account holder of the application for an order of seizure; (2) an affidavit in support to show the basis for the request; (3) a bond to cover damages if the seizure is wrongful; and (4) a proposed order. The court concludes each is defective. For reasons set forth at the close of this decision, the New York State Attorney-General shall be notified of this decision and may wish to seek involvement in any future application for the relief requested here.
OVERVIEW OF ORDERS OF SEIZURE
An application for an order of seizure, formerly called an order of replevin, seeks a direction to the Sheriff to seize a chattel and, if necessary, to break into any place it is kept. Although such request is usually made before the service of a summons and complaint, it does not fall into the category of preliminary relief.
Due process concerns led the Supreme Court of the United States to require that such requests be made upon *746 proper notice, with an appropriate opportunity to be heard, and on a satisfactory showing of entitlement. (Fuentes v Shevin, 407 US 67; Mitchell v Grant Co., 416 US 600.) New York law had already recognized emerging due process theories. (See Finkenberg Furniture Corp. v Vasquez, 67 Misc 2d 154; for a later discussion, Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d 118.) Legislative action was necessary and is summarized in the annotations to CPLR article 71 contained in Book 7B of McKinney’s Consolidated Laws of New York. One result was that “this State as a matter of policy [generally requires prior] notice in replevin cases.” (Blaine v G.M.A.C., 82 Misc 2d 653, 656.)
The last thorough constitutional examination of Con Ed’s applications for orders of seizure was Consolidated Edison Co. v Vezcanino (77 Misc 2d 475), a joint opinion of the Honorable Hortense W. Gabel, then a Civil Court Judge of New York County, and the Honorable Harry Kraf, then a Civil Court Judge of Bronx County. That thoughtful decision held that due process limitations were fully applicable and directed correction of defective papers, including the notice of application.
A detailed review of such papers is again in order. Measuring them against constitutional, statutory and decisional standards, it is readily apparent that many aspects of the application so depart from acceptable practice that the application is fatally flawed.
THE NOTICE OF APPLICATION
The notice of the application is on “Con Ed” letterhead. It is a densely typed single page with handwritten insertions of all factual items, including the name and address of the account holder. The use of a letter, which is an informal writing not recognizable by a layperson as a communication with legal significance, suggests that notice is given as a matter of courtesy, not as a matter of right.
As the court sought to review the requirements regarding such notices, it became clear that no authorities address the basic procedural issues of the form of the notice, the information to be provided, and the period of time allowed to respond. Because CPLR article 71, which *747 governs seizures in civil cases, does not authorize special approaches to these issues, any analysis must commence with CPLR 2211. That provision defines a motion as follows: “A motion is an application for an order. A motion on notice is made when a notice of the motion or an order to show cause is served.” The inescapable conclusion is that an application for an order of seizure falls within that section and that the use of a notice of motion or an order to show cause is mandated.
The court finds no New York authority relevant to. orders of seizure which leads to any other view. (See, for reference, Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d 118, supra [order to show cause in the record]; Rochester Gas & Elec. v Chatterton, 81 Misc 2d 522, 524 [order to show cause utilized]; McKinney’s CPLR Forms, § 10:344a [order to show cause], and McKinney’s CPLR Forms, § 10:344b [notice of motion].) This conclusion is also consistent with occasional directions that an order to show cause or notice of motion be used for a renewed request after rejection of an application for an order of seizure. (See Kosches v Nichols, 68 Misc 2d 795, 798; Finkenberg Furniture Corp. v Vasquez, 67 Misc 2d 154, 162, supra.)
Based on the foregoing, the court holds that traditional New York State motion practice is applicable to requests made on notice for orders of seizure. Under such standards, the notice must contain the date and time the application shall be presented to the court and allow a proper time to respond calculated under CPLR 2214 and 2103. The notice here only states that the addressee must respond to the clerk “within ten (10) days from the date of [mailing] of this notice,” which satisfies neither requirement.
The court reaches this conclusion with recognition that hoary practice and received wisdom, springing from decades past, permitted a letter notice. While as explained in Fuentes v Shevin (407 US 67, 90, n 21), minimum due process constitutional mandates do not dictate a more formal notice, a locality may adopt more restrictive rules and the rules of New York State civil practice clearly require more than is present here.
It is noted that the requisite warning to the consumer is not at the top of the notice, is not contained in a box, and is *748 less than 12 bold upper case type. (Cf. Consolidated Edison Co. v Vezcanino, 77 Misc 2d 475, 479, supra.) Accordingly, this necessary ingredient is defective.
Based on the foregoing, the court finds the notice to be insufficient as a matter of law. Con Ed is directed to utilize a proper notice of motion or order to show causé, with an adequate warning text, to initiate any renewed application for an order of seizure.
AFFIDAVIT IN SUPPORT
An affidavit must establish grounds for the seizure, advise that there are no known defenses to the application, and be sufficiently convincing to persuade the court to exercise its discretion to grant the extraordinary direction of seizure. The affidavit here by Con Ed’s assistant secretary, based upon records, does not meet those standards and does not address critical facts.
This application seeks the seizure from the Church of St. Cecilia of meters in a residential building apparently located at 218 East 106th Street in Manhattan. Although the affidavit shows it to be a multiple dwelling, a check of the highly accurate computerized multiple dwelling records made available to the court by New York City’s Department of Housing Preservation and Development indicates no multiple dwelling at that address. The Church of St. Cecilia, in a telephone conversation initiated by court staff, advised that they know nothing of 218 but that their school is located at 220 East 106th Street.
Further, although the amount claimed is almost entirely a failure to supply a deposit, the affidavit neither provides facts relating to the deposit request nor claims entitlement to a deposit under section 36 of the Public Service Law. The court is not advised that Con Ed checked whether a dispute was pending before the Public Service Commission, which would stay any attempt to terminate services. (See 16 NYCRR 275.8; Brooklyn Union Gas Co. v MacGregor’s Custom Coach, 122 Misc 2d 287, 292-293.)
In short, this affidavit is no more telling than that produced under the discredited practice of relying upon an attorney’s affirmation based on no personal knowledge of *749 the facts. See North Georgia Finishing v Di-Chem, Inc. (419 US 601, 607), addressing such an affidavit in support for a garnishment. On any renewed application, Con Ed is directed to prepare an affidavit which conforms to constitutional mandates and addresses the concerns raised here.
Although supporting affidavits were found wanting in Brooklyn Union Gas Co. v Richy (123 Misc 2d 802) and Consolidated Edison v Pearson (123 Misc 2d 598), the points raised there are not reached in this decision because those heat season cases are distinguishable, because no search and seizure problem is posed here, and because this court approaches the existence of notice of the application in a different manner.
THE UNDERTAKING
A bond is required by CPLR 7102 (subd [e]) for applications of seizure. In 1974, Consolidated Edison Co. v Vezcanino (77 Misc 2d, at p 479, supra), fixed the amount of an appropriate bond at “not less than $500, which would be at least a minimal step towards redress in the event that [the] defendant prevails”. That same $500 bond is proposed here.
Given that the intervening 10 years have included rampant inflation, an evaluation of the current equivalent value is necessary. The Bureau of Labor Statistics of the United States Department of Labor in its Historical Report of Consumer Price Index All Urban Consumers (CPI-U) N. Y., N. Y. — Northeastern N. J., All Items, confirms common experience that a 1984 dollar has approximately half the value of a 1974 dollar.
After consideration of all the circumstances, the bond is found to be inadequate on its face.
PROOF OF SERVICE OF THE APPLICATION
It is axiomatic that a party requesting judicial relief where notice is required must file an affidavit of service. Here, the showing of service is two post office receipts, one for certified mail and one certificate of mailing for ordinary mail, the same documents which were found improper in Consolidated Edison Co. v Vezcanino (77 Misc 2d, at p 476, supra). Con Ed was advised that an “[affidavit of service *750 * * * must be filed within 7 days” of mailing the notice of application. (77 Misc 2d, at p 480.)
Without an affidavit of proper service and a recitation of the contents of any envelope, the court may only find the showing of service inadequate. In addition, the court is unable to determine that the mailing included a copy of the affidavit in support, as required by law and by an accord reached between Con Ed and the New York State Attorney-General on February 24, 1983.
PROPOSED ORDER AND DEFECTS IN ADVICE OF RIGHTS
The proposed order would have the court direct that seizure of the meter may be avoided only by full payment or entry into a deferred payment plan. There is inadequate provision for the special classes entitled to protection under section 32 of the Public Service Law and for those cases where seizure should be avoided because reconnection of service would be mandatory under section 35 of the Public Service Law. The court does not desire to restrict statutory rights and, therefore, the order must be amended to provide for their exercise.
The notice also contains flawed advice of the rights of the consumer. While as a practical matter, advice that a hearing may be requested and that the account holder might bring records regarding payment is appropriate, by implication it misplaces the burden of proof upon the consumer. The burden is on the moving party and the defendant may take many different stances at a hearing. (Long Is. Trust Co. v Porta Aluminum Corp., 44 AD2d, at pp 123-124, supra.) These forms also imply that the hearing ends the matter, although subsequent available steps include excepting to the sureties, reclaiming the chattel, impounding the chattel, and, under CPLR 7108, a trial of the issues.
Once advice is given, simple decency dictates that it be accurate, even-handed, and not suggest — especially in this heavily regulated area — that nothing can be done if one is unable to pay. While the court will not determine prior to a renewed application whether a recitation of statutory rights is necessary, such an approach would be welcomed.
*751 On any renewed application, Con Ed is directed to revise the proposed order and notice of application to be in accord with the mandates of this decision.
EVENTS AFTER THE ISSUANCE OF AN ORDER
If an order of seizure is signed, several actions must follow: (1) under CPLR 7102 (subd [a]), the plaintiff must deliver to the Sheriff the order, the affidavit in support, the undertaking, and, if not already served, the summons and complaint; (2) the Sheriff must serve such papers in accordance with CPLR 308; (3) the Sheriff must seize the object specified in the order; and, (4) under CPLR 7107, the Sheriff must file an affidavit with the court within 20 days of the seizure. For Civil Court cases, a marshall performs the Sheriff’s functions.
The importance of the affidavit, called a “return”, is addressed in the Legislative Studies and Reports annotation to CPLR 7107 (McKinney’s Cons Laws of NY, Book 7B, p 216) as follows: “The [legislative drafters] explain that since, under section 7102(d), the [order of seizure] delivered to the sheriff * * * is deemed the mandate of the court, the sheriff must return it to the court * * * together with * * * the sheriff’s statement of steps taken, so that the court will know what has been done in obedience to its mandate.” When, as here, the order is sought before the suit is commenced, the return includes the affidavit of the service of a summons and complaint. It is that service which is necessary to the court’s jurisdiction and to the validity of the seizure. (Florence Trading Corp. v Rosenberg, 128 F2d 557, 560; Sears Roebuck & Co. v Austin, 60 Misc 2d 908, 911.)
The court, in a random survey, examined New York County Civil Court files in which Con Ed had obtained orders of seizure, specifically index Nos. 6723/84,19113/84, 21043/84,28297/84 and 28298/84. In each case, the order of seizure, in language identical to that proposed here, provided: “ordered, that service of a copy of the summons and verified complaint [and] this order * * * shall be made upon the defendants in accordance with CPLR 308 and that the affidavit of service of the foregoing shall be filed with the Clerk of the Court”. Notwithstanding this direction, no file contains an affidavit of service of a summons and verified *752 complaint or a return from the marshall. Perhaps an innocent explanation exists, such as that all five matters were settled before the seizure.
On any renewed application, because of the court’s interest in the integrity of its mandates, Con Ed is directed to explain its procedures and the events which take place after issuance of an order of seizure and to submit a summons and verified complaint with any such application. Further, Con Ed shall amend the proposed order to conform with CPLR 7102 (subd [b]), which requires that all papers, including the affidavit in support and the undertaking, be served by the marshall with any order issued.
ATTORNEY OF RECORD
As a corporation, Con Ed is required to appear in court through an attorney. Under CPLR 2101 (subd [d]), the name, address and telephone number of the attorney of record must appear on all papers served or filed. That information is not provided in these papers to the detriment of any person who might wish to contact the plaintiff’s lawyer.
Although the letter providing notice of the application is signed by Con Ed’s general attorney, the court is aware of no authority which allows it to infer that a document by house counsel in a group of papers satisfies the above requirements. The court does not imply that house counsel may not be an attorney of record. Of course, he or she must recognize “the same duty as any other lawyer to exercise * * * independent professional judgment in dealing with the client’s affairs.” (New York State Bar Assn, Committee on Professional Ethics, Opn No. 123, Dec. 5, 1969.)
Prior to the submission of any renewed application, Con Ed is directed to remedy this omission.
THE ATTORNEY-GENERAL
Recent reference was made in Brooklyn Union Gas Co. v Richy (123 Misc 2d 802, supra), to the approval of these papers by the New York State Attorney-General after incorporation of statutory protections of elderly and disabled customers mandated by Consolidated Edison Co. v Jones (111 Misc 2d 1). Their factual concern may have arisen because as recited in the accord reached between the *753 Attorney-General and Con Ed on February 24,1983, there had been 27,350 requests for orders of seizure by Con Ed in 1981, which posed a possibility that a significant number of such applications might involve consumers within that protected class.
The Attorney-General shall receive a copy of this decision so that he may determine whether to seek participation in the resolution of the issues raised here. To the extent that impropriety on the part of Con Ed exists, the involvement of the Attorney-General would assist in the protection of the public interest.
CONCLUSION
For the reasons set forth above, including findings that the papers or procedures used in this application do not comport with announced constitutional standards, previous interpretations of those standards, applicable statutes, and acceptable practice, the application is fatally defective.
The court does not seek to discourage the plaintiff from seeking relief from the courts, for the utility may act without court action, subject to the restrictions of article 2 of the Public Service Law. (Accord Jackson v Metropolitan Edison Co., 419 US 345.)
The order of seizure is denied with leave to renew upon proper papers in accord with this decision. The same result is equally applicable to 85 other applications for the same relief and a list of such proceedings shall be separately forwarded to the plaintiff and to the Attorney-General.