OPINION OF THE COURT
Robert D. Lippmann, J.
Upon notice by plaintiff Consolidated Edison Company of New York that it would seek an order of seizure to repossess its electric meter, defendant Robert Lee obtained an order to show cause staying the plaintiff from terminating'electric service and seizing the meter. The order to show cause was signed September 25, 1984, the order of seizure September 28, 1984. The parties appeared before me at a hearing on October 2, 1984. At the hearing, defendant argued that (1) plaintiff had failed to serve him with a summons and complaint and (2) plaintiff’s affidavit in support of the order of seizure was defective.
In the normal sequence of events, the utility company sends the utility customer a 10-day notice in which the customer is *525 advised that he or she may apply to this court for a hearing, at which hearing the customer may argue against the utility company’s claim to its right to an order of seizure. In the preponderance of cases that come before this court, the utility customer fails to respond to the notice. As a result, the seizure order is granted without a hearing, provided the supporting papers are in order. The circumstances of the instant case are unusual because the order to show cause staying the order of seizure antedates the order of seizure and the hearing took place after the order of seizure was granted and before it was implemented by the marshal.
THE SUMMONS AND COMPLAINT
Defendant strenuously argues that CPLR article 71 confers upon him the right to compel plaintiff to serve upon him a summons and complaint. The law, however, is otherwise. Upon the granting by the court of an order of seizure, CPLR 7102 (a) requires the plaintiff to deliver to the marshal the “order of seizure, the papers on which the order was granted, and the undertaking and, if an action to recover a chattel has not been commenced, a summons and complaint”. These the marshal serves upon the defendant in accordance with CPLR 7102 (b). (See, Sears Roebuck & Co. v Austin, 60 Misc 2d 908.)
The language of CPLR 7102 (a) tells us that if an action has already been commenced, the need to serve process has been obviated, obviously because the action was initiated by service of process. The question, therefore, is when is an action under article 71 deemed commenced? Under CPLR 203 (b) (3), for Statute of Limitations purposes, an action for the seizure of a chattel is deemed commenced only if the summons is served within 30 days of the signing of the seizure order. Nothing in article 71 requires that the summons and complaint be served simultaneously with the seizure of the chattel.
The order of seizure in question specifically ordered “that the service of a copy of the summons and verified complaint, this order, and the seven day notice shall be made upon the defendants in accordance with CPLR 308, and that the affidavit of service of the foregoing shall be filed with the Clerk of the court pursuant to Section 409 of the Civil Court Act.” Since the command within the seizure order does not specify when the service is to be made, CPLR 7102 (b) and 203 (b) (3) control the manner and time for such service in order for the seizure to be lawful.
By obtaining an order to show cause, defendant, though unable to avert the signing of the seizure order, has succeeded in *526 staying the plaintiff from implementing the seizure order, hence from having the marshal repossess the meter. At the same time, defendant has also stayed the marshal from serving the summons and complaint pursuant to CPLR 7102 (b). Thus we see that while defendant successfully averted the seizure of the electric meter, by his own application for an order to show cause he ironically also stayed the service of the summons and complaint for which he so urgently seeks the court’s interposition.
In further support of the same defense, defendant also asserts that under CPLR 7102 (b) a defendant who has “appeared” is to be served with papers. Under the circumstances, we cannot agree with Mr. Lee. CPLR 7102 does not require a plaintiff to serve a summons and complaint before the execution of a seizure order and defendant did not appear before the court signed the order. Mr. Lee’s appearance at the hearing on the order to show cause cannot, therefore, retroactively impose upon plaintiff a duty that was not statutorily or otherwise imposed upon plaintiff when plaintiff moved for an order of seizure.
We conclude, therefore, that the order of seizure is not defective for failure of plaintiff to serve process upon defendant.
DEFECTIVE AFFIDAVIT
CPLR 7102 (c) enumerates the documents to be submitted and the allegations that need be set forth in the application for an order of seizure. CPLR 7102 (c) (6) requires a statement by plaintiff averring that “no defense to the claim is known to the plaintiff”.
Defendant contends that plaintiff falsely stated that it knew of no defense to the claim. There is merit in defendant’s contention. The order to show cause was signed September 25, three days before the order of seizure. Furthermore, plaintiff was served personally with a copy of the order to show cause on September 27,1984. Thus, plaintiff knew before its seizure order was signed that defendant intended to assert a defense to plaintiff’s claim. Plaintiff should have withdrawn its application upon receipt of defendant’s service of the copy of the order to show cause. In failing to do so, plaintiff may have violated General Business Law § 601 (8) which states that no creditor shall “Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist”.
We do not here pass on the merit of defendant’s defense. However, the evidence indicates that plaintiff with knowledge of defendant’s assertion of a defense nevertheless pursued an arti *527 ele 71 action where it no longer had grounds to do so since it could no longer truthfully comply with CPLR 7102 (c) (6).
Accordingly, the underlying order of seizure must be vacated.