OPINION OF THE COURT
Per Curiam.
Eleven orders of the Civil Court, New York County (two *96 orders entered May 30, 1985; one order entered May 30, 1985; three orders entered May 30, 1985; three orders entered June 18, 1985; and two orders entered July 5, 1985) are affirmed, without costs.
These consolidated appeals are from the denial of separate applications by the plaintiff, Consolidated Edison Company of New York, Inc. (Con Edison), for orders of seizure (CPLR 7102), to replevy utility meters located at the premises of the respective defendants. Each defendant is allegedly in arrears in utility payments. Prior to seeking orders of seizure the plaintiff had made at least one unsuccessful attempt to gain access to each of the defendants’ premises for the purpose of disconnecting their respective utility meters and discontinuing utility service to those premises. Plaintiff is ostensibly unable to terminate defendants’ utility service without access to defendants’ respective utility meters, and plaintiff obviously sought orders of seizure in the court below to facilitate both access to the meters and termination of utility service to the defendants.
Prosecution of an action for recovery of a chattel under CPLR article 71 is similar to the prosecution of any other action, except for the ability of the plaintiff in an article 71 action, under certain circumstances, to obtain possession of the chattel sought pendente lite by replevin (CPLR 7102 et seq; 7A Weinstein-Korn-Miller, NY Civ Prac f 7101.01). Replevin under CPLR 7102 is generally deemed a provisional-like remedy and is traditionally treated among the "family” of provisional remedies. The reason orders of seizure are considéred more than provisional remedies is that unless a defendant after the seizure (1) excepts to the sureties on plaintiff’s undertaking, (2) moves to impound the chattel or have it returned or (3) reclaims the chattel, the seized property will be turned over to the plaintiff. It is this possibility, of actual delivery of the seized chattel to the plaintiff, which takes the order of seizure out of the "provisional” category. As Professor David Siegel in his practice treatise has observed: "The fact that the plaintiff can end up with the chattel before an adjudication on the merits — and, indeed, before an action has been commenced — makes the seizure order a good deal more than a provisional remedy, at least potentially” (Siegel, NY Prac § 340, at 416; emphasis added).
That the Legislature saw fit to afford the court of original jurisdiction substantial discretion in determining whether to grant orders of seizure is manifested in the language of CPLR *97 7102 (d) (1), to wit: "Upon presentation of the affidavit and undertaking and upon finding that it is probable the plaintiff will succeed on the merits and the facts are as stated in the affidavit, the court may grant an order” (emphasis added; cf, CPLR 7102 [former (d) (1)], "the court shall grant an order” [emphasis added]; Consolidated Edison v Pearson, 123 Misc 2d 598, 600). In view of the court of original jurisdiction’s inherent discretion in this area and the superficial character of the supporting affidavits framed by Con Edison (i.e., form affidavits in which blanks are filled in and which do not instill great confidence as to the quality of the underlying investigation and the certitude of the facts alleged therein), it cannot be said that the court below erred as a matter of law in denying the 11 applications for orders of seizure which are the subject of these appeals.
Moreover, we view the plaintiffs’ applications for orders of seizure to have been essentially ex parte applications entitled to even less consideration than similar applications made on notice. That Con Edison sent to the defendants its own "Notice of Application” calculated to afford the defendants some notice that Con Edison would be seeking an order of seizure and informing the defendants that they could secure a hearing on the application for the order of seizure by proceeding to the Civil Court and informing the clerk of their desire for such a hearing does not render Con Edison’s applications for orders of seizure an application on notice within the parameters of the CPLR. Consolidated Edison Co. v Church of St. Cecilia (125 Misc 2d 744, 747) considered this exact point and concluded, inter alia: "that traditional New York State motion practice is applicable to requests made on notice for orders of seizure. Under such standards, the notice must contain the date and time the application shall be presented to the court and allow a proper time to respond calculated under CPLR 2214 and 2Í03. The notice here only states that the addressee must respond to the clerk 'within ten (10) days from the date of [mailing] of this notice,’ which satisfies neither requirement”. Since the applications for orders of seizure are to our view most accurately characterized as ex parte applications, CPLR 7102 (d) (3) controls, to wit: "An order * * * [of seizure which pursuant to CPLR 7102 (d) (1) may be issued on notice, only where (1) the court finds it is probable the plaintiff will succeed on the merits and (2) the facts are as stated in the supporting affidavit] may be granted without notice only if, in addition to [those two] other prerequisites for the granting of *98 the order, the court finds that unless such order is granted without notice it is probable the chattel will become unavailable for seizure by reason of being transferred, concealed, disposed of, or removed from the state, or will become substantially impaired in value” (emphasis added). Certainly Con Edison has not satisfied this requisite of CPLR 7102 (d) (3) for the issuance of ex parte orders of seizure in the 11 applications here at issue. No indication is presented that the meters at issue will become unavailable, be transferred, concealed, disposed of, or removed from the State or will become substantially impaired. That Con Edison is seeking court-ordered access to utility meters in the possession of the defendants so that Con Edison may, inter alia, discontinue utility service to defendants who are in arrears in their utility payments manifestly does not warrant departure from the legal and constitutional prerequisites to replevin.