OPINION OF THE COURT
Lawrence Knipel, J.
This is one of a series of orders of seizure of utility meters submitted for signature by the Consolidated Edison Company of New York, Inc., pursuant to CPLR article 71. These orders of seizures are submitted prior to the service of a summons or complaint and seek a direction to the Marshall to break into *361 the enumerated premises wherein he is to search for and seize a numbered utility meter.
Orders of seizure, formerly called orders of replevin, trace their lineage back to the ancient writ of replevin (cf., Statute of Marlborough, 52 Hen III, c 21 [1267]). Until recent times, an individual was able to utilize this procedure to seize chattel in 1¿he possession of another upon a mere requisition, without prior notice and without court approval. Then, in 1972 the United States Supreme Court struck down replevin statutes under which seizure was effected without a court order and the defendant was not given notice or an opportunity to oppose the signing of the court order. The court held: "The constitutional right to be heard is a basic aspect of the duty of government to follow a fair process of decisionmaking when it acts to deprive a person of his possessions.” (Fuentes v Shevin, 407 US 67, 80 [1972].)
Although the United States Supreme Court later retreated from that portion of its opinion which established the constitutional necessity of placing a defendant on notice of a pending application for replevin relief (see, Mitchell v Grant Co., 416 US 600 [1974]), New York courts continued to apply the broader notice requirements first mandated in Fuentes (supra; see, Consolidated Edison Co. v Powell, 77 Misc 2d 475 [1974]).
In 1978 CPLR 7102 (d) was amended to include a requirement that, outside of exigent circumstances not relevant herein, a defendant must be placed on notice of a pending application for an order of seizure. The contents of the notice were first mandated in directive No. 288 of the Administrative Judge of the Civil Court which is entitled "Replevin — Minimal Guidelines for Utilities”. Paragraph (1) (a) (4) of that directive mandates that the notice of application contain a return date and time at the Special Term clerk’s office of the Civil Court, where the defendant may appear to obtain a hearing prior to the submission of an order of seizure for signature by the court. The notices of application for the orders of seizure herein all contain the following boxed legend: "notice! your ELECTRICITY MAY BE CUT OFF! IF YOU WISH A HEARING YOU MUST GO TO THE CLERK’S OFFICE OF THE CIVIL COURT AT 141 LIVINGSTON STREET, ROOM 1302 BROOKLYN, NEW YORK, ON -19_ at 1:00 p.m.” (various dates are provided in the different notices before the court). The body of the notice reads in relevant part as follows: "You have the right to a hearing before a judge to explain any defenses you may have * * * In order to obtain a hearing, you must go to the Clerk’s *362 office of Special Term Part II, Civil Court of the City of New York, County of Kings, at 141 Livingston Street, Room 1302 Brooklyn, New York on the date and time indicated above.”
The most blatant problem with this notice is that room 1302 is not now and never has been either the Special Term clerk’s office or any other Civil Court clerk’s office. The Special Term clerk’s office has been located in room 501 for more than a decade. However, the insufficiency of the notice and proceeding based thereon go well beyond a mere error in properly identifying the Special Term clerk’s room number. The hour appointed for defendant’s appearance, 1:00 p.m., is the commencement of the traditional lunchtime recess. Between the hours of 1:00 p.m. and 2:00 p.m., Civil Court offices are closed and all judicial and clerical personnel are off duty. It is at 1:00 p.m. that representatives of the various public utilities occupy room 1302 and deal with matters noticed for that day. Claims are settled or adjourned and defaults are taken, all without the slightest supervision by court personnel.
Individuals responding to plaintiff’s notices, who are mostly pro se, never have the opportunity represented therein to request a hearing at the Special Term clerk’s office simply because that office is closed at the time set for defendant’s appearance. This court is drawn to the inescapable conclusion that the net effect of plaintiff’s notice and the procedure in effect in room 1302 is to mislead the defendants into avoiding the Special Term clerk’s office and thereby deprive them of their right to request a hearing. Without an opportunity to request a hearing, the notice of a pending application for an order of seizure is meaningless and useless to the defendant.
The only written record made concerning the proceedings in room 1302 is in the form of a statement stamped onto each of the orders of seizure submitted herein. It reads as follows: "(defendant’s name inserted) having been called in special term part n at 1-1:30 p.m. and having failed to answer their default is hereby noted.” This stamp, which apparently has been affixed by someone acting on plaintiff’s behalf, is neither signed, initialed or dated. It is therefore impossible to ascertain what basis, if any, the person who affixed the stamp had to believe the truth of the statement contained therein. The very identity of the affixer remains a mystery. It is also impossible to determine whether the default was taken on the date set forth in the notice, or on some other day. Under these circumstances, the mere fact that the stamp is affixed is not evidence that the defendant failed to appear in response to *363 the notice sent. Plaintiffs failure to properly notice defendant’s default deprives this court of a reasonable basis for signing the order. At a minimum, due process requires that the default be noticed in a signed and dated writing by someone with knowledge of the facts contained therein.
Accordingly, the instant orders of seizure are rejected because plaintiff has failed to afford defendant with a meaningful opportunity to appear and controvert the underlying merits of plaintiffs claim as is mandated by the Due Process Clause of the New York State and United States Constitutions and implemented by directive No. 288 of the Administrative Judge of the Civil Court.